UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE OF INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:25 CV 152 |
| | ) |
| AARON BLOCKER, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court *sua sponte* with regard to the Notice of Removal filed by defendant Aaron Blocker (DE # 1.) For the reasons set forth below, this case is remanded to Hobart City Court.

Blocker alleges that on January 7, 2025, he entered Firehouse Subs in Hobart, Indiana, to pick up an order that he had previously placed. He and the store employee then engaged in a discussion wherein Blocker learned that someone else had already picked up his order. The discussion ended with the employee calling the police. After the police arrived, Blocker was issued a refund. Blocker claims that as he was picking the refund money up off of the counter, the police officer asked him for his identification. According to Blocker, he was handcuffed and arrested before he could fully respond.

Blocker was charged with refusal to identify and trespassing in Hobart City Court. He alleges that his case has proceeded slowly through the state court system, that he has filed multiple motions that have been ignored, that he has been denied due

process in various ways, and that he was improperly arrested in the first place. Blocker, a Black man, also alleges that he was denied access to a public space in violation of civil rights laws.

Blocker now attempts to bring the case into federal court under 28 U.S.C. § 1443(1), which permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court requires that a state defendant seeking to remove under Section 1443(1) show that: (1) a right providing for equal civil rights is at issue, and (2) the defendant cannot enforce that right in the state courts. *Georgia v. Rachel,* 384 U.S. 780, 788 (1966).

The vast majority of Blocker's allegations cannot support removal under Section 1443(1) because "law[s] providing for equal civil rights" under the statute are limited to "rights specifically defined in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975); *Rachel,* 384 U.S. at 791-92. More general sources of equality rights, like the Due Process Clause or rights framed in nonracial terms, do not suffice. *Fenton v. Dudley,* 761 F.3d 770, 773 (7th Cir. 2014). Most of Blocker's allegations do not relate to rights defined in terms of racial equality, so Blocker cannot remove his case to federal court on those grounds.

Blocker does refer to one right defined in terms of racial equality: the right of equal access to public spaces, such as restaurants. This right is federally codified in the

Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*. The Supreme Court has held that this statute "plainly qualifies" as a law providing for equal civil rights within the meaning of Section 1443(1). *Rachel,* 384 U.S. at 793. However, as mentioned above, the Section 1443(1) removal analysis has two parts; Blocker must also show that he cannot enforce this right in state court. *Id.* at 788.

A state criminal defendant can show that he cannot enforce his federal rights in state court proceedings when the state has laws that conflict with an individual's federal civil rights. *Id.* at 800. For example, in 1966, the Supreme Court addressed the tension between the federal statutory right to equal access to public spaces and a Georgia trespassing law that allowed a property owner to order any individual to leave his property. *Rachel*, 384 U.S. at 793. In that case, restaurant patrons alleged that they were ordered out of a restaurant on the basis of race, and when the patrons refused to leave, they were charged with trespassing. *Id.* at 783. The patrons removed the Georgia prosecution to federal court under Section 1443(1). The Supreme Court held that the direct conflict between Georgia's trespassing law, which allowed a restaurant owner to expel patrons on the basis of race, and the federal law guaranteeing access to public spaces regardless of race, permitted the "firm prediction" that the patrons' federal rights would not be protected in state court. *Id.* Thus, in that case, removal under Section 1443(1) was proper.

By contrast, the Supreme Court held in *City of Greenwood v. Peacock* that political protestors who were arrested in Mississippi for obstructing public streets could not

3

remove their state prosecutions to federal court under Section 1443(1). 384 U.S. 808, 826 (1966). Unlike the State of Georgia in *Rachel*, the State of Mississippi did not have any laws that created friction with federally-guaranteed rights to the extent that it could be "clearly predicted" that the protestors' federal rights would "inevitably be denied" in state proceedings. *Peacock,* 384 U.S. at 827–28. Thus, even if the protestors' federal rights were violated as the protestors alleged, the facts did not present circumstances sufficient to demonstrate that the State of Mississippi would not protect those rights during state proceedings. *Id.* The *Peacock* court emphasized the importance of allowing state proceedings to remain with the state in all but the rarest of situations:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock,* 384 U.S. at 827–28.

Unlike *Rachel*, this case does not implicate a state law or policy so in conflict with the federal right of access to public spaces that this court can make a "firm prediction" that Blocker's federal rights will not be enforced in the underlying state court

4

proceeding. To the contrary, Indiana law contains a provision that *parallels* the federal guarantee of access to public spaces. Ind. Code Ann. § 22-9-1-2. Thus, as the court explained in *Peacock,* even if the charges against Blocker are false and the motives of the officers were corrupt, it cannot be "clearly predicted" that Blocker's rights will be "inevitably" denied by Indiana state courts. *Peacock,* 384 U.S. at 828. Because this is not one of the "rare situations" justifying federal intrusion into state criminal proceedings via Section 1443(1), "the vindication of the defendant's federal rights [shall be] left to the state courts." *Id.*

Because the court can discern no basis for this removal (or for subject matter jurisdiction over this matter), it now **REMANDS** this case to the Hobart City Court.

**SO ORDERED.**

Date: April 10, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5