UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE OF INDIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:25 CV 152 |
| | ) |
| AARON BLOCKER, | ) |
| | ) |
| Defendant. | ) |

### OPINION and ORDER

In January of 2025, plaintiff Aaron Blocker was arrested after an interaction with store employees at a Firehouse Subs in Hobart, Indiana. Blocker was charged with refusal to identify himself and trespassing in Hobart City Court. He alleges that his state criminal case proceeded too slowly through the state court system and that he has been denied due process and was improperly arrested. He also alleges that he was denied access to a public space in violation of civil rights laws.

Blocker attempted to bring his state criminal proceedings case into federal court under 28 U.S.C. § 1443(1), which permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." This court held that Blocker's attempt to use Section 1443(1) in this case was improper, and remanded the matter to the state court. (DE # 4.) Specifically, the court stated that most of Blocker's allegations failed to justify the employment of Section 1443(1) because "law[s] providing for equal civil rights"

under the statute are limited to "rights specifically defined in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975); *Georgia v. Rachel,* 384 U.S. 780, 788 (1966); *Fenton v. Dudley,* 761 F.3d 770, 773 (7th Cir. 2014). As for Blocker's claim regarding his right of equal access to public spaces, the court held this issue was not properly before the court under Section 1443(1) because Blocker could not show that he could not enforce the right in state court. *Rachel,* 384 U.S. at 788.

Blocker has moved under Federal Rule of Civil Procedure 59(e) to alter the judgment. (DE # 5.) "Rule 59(e) allows a court to alter or amend a judgment only if the [litigant] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, the movant must show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Additionally, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

In his motion, Blocker mostly reiterates the injustices he claims to have suffered. (DE # 5 at 7.) These arguments fail for the reasons set forth in the court's prior order. (DE # 4.) Blocker also claims that "newly discovered evidence" exists, because state court criminal proceedings have been dismissed. (DE # 5 at 7-8.) This simply reaffirms the court's holding that Section 1443(1) cannot be employed to justify jurisdiction over

2

this matter; if no state criminal prosecution exists, there is no state criminal prosecution to remove to federal court under Section 1443(1).

For the foregoing reasons, Blocker's Rule 59(e) motion is **DENIED.** (DE # 5.)

**SO ORDERED.**

Date: March 2, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

3